IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MERILYN CHAVEZ, as Personal
Representative of the Estate of
Ramona Boyd,

           Plaintiff,

v.                                                      CIV No. 02-1475 DJS/LFG

CITY OF ALBUQUERQUE, et al.,

           Defendants.

**FINDINGS OF FACT AND
RECOMMENDED DISPOSITION[1]**

THIS MATTER is before the Court on an application for approval of a settlement between Plaintiff Merilyn Chavez and Defendants City of Albuquerque, et al. [Defendant City] and Board of Regents of the University of New Mexico, et al ["Defendant Board"]. Court approval is necessary because of the presence of the three minor children, who are the children of Ramona Boyd, the deceased daughter of Plaintiff Chavez: Roman Boyd, age 11; Darian Sanchez, age 8, and Micah Sanchez, age 7.[2]

---

[1] Parties were advised of their right to file objections to this report and recommendation within ten days, pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed at the hearings held February 14, 2003 and March 7, 2003 that they had no objections to the Court's proposed findings and recommended disposition.

[2] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

This matter was first convened on February 14, 2003. However, the initial hearing was continued due to indemnification or subrogation issues involving Defendant Board of Regents. Defendant Board had not yet been served with the Complaint and was not present at the February 14 hearing. As of that hearing, the proposed settlement and dismissal of the case involved only the claims against Defendant City. Claims against Defendant Board were not being dismissed then, although Plaintiff anticipated an amicable resolution with the Board as well.

Near the end of the February 14 hearing, counsel for Defendant City raised questions concerning the indemnification provision of the proposed release. The parties understood that there was a bill in the amount of about $11,000 for medical care provided by Defendant Board [University Hospital] to the deceased that had not yet been forgiven. The City clarified that if the University Hospital sent this bill to the City, stating it had taken care of a City jail inmate, the City would deny responsibility for the bill. Thus, the proposed indemnification provision of the release could result in requiring Chavez, in her role of personal representative of the estate, to indemnify the City for the amount of the medical bills. After additional discussion during the hearing, counsel agreed that further consultation with Defendant Board was necessary before this matter could be clarified and resolved.

On February 26, 2003, counsel advised the Court that the issues involving the outstanding medical bills had been resolved, and that Plaintiff had resolved its claims with Defendant Board as well, who also requested court approval of the settlement. The hearing to approve settlement with both Defendants was resumed on March 7, 2003, with counsel present for Plaintiff, Defendant City and Defendant Board.

Having heard the presentations of counsel at both hearings, along with the testimony of Ms. Chavez at both hearings, the Court finds:

**Findings**

1.  On November 22, 2002, Plaintiff Merilyn Chavez, as Personal Representative of the Estate of Ramona Boyd, filed a Complaint for Damages for Wrongful Death against Defendant City and Defendant Board. The Complaint alleges, *inter alia*, that Defendants were responsible for the death of Chavez's daughter, who was in custody at the time. Plaintiff contended that Defendants were negligent and provided inadequate medical or psychiatric care to Boyd. [Complaint.]

2.  On November 27 or 28, 2000, Ramona Boyd was in custody at BCDC. For some reason, she was placed in administrative segregation. Officers later found Ms. Boyd in her cell, after she had hung herself. She was transported to University Hospital, where she died on December 2, 2000 from injuries sustained on November 27 or 28. [Complaint.]

3.  On February 14, 2003 and March 7, 2003, the Court held hearings on the parties' application for approval of the settlement with Defendants. Counsel for Plaintiff and Defendant City attended the hearing on February 14, 2003, and counsel for Plaintiff and both Defendants attended the March 7 hearing. Ms. Chavez was present at both hearings.

4.  The specific terms of Plaintiff's settlement of $24,500.00 with the City is as follows: $8,000.00 in up front cash payable to "James C. Ellis Attorney at Law"; the purchase of an annuity for each of the three children at the cost of $5,500.00 each. The monies are to remain in the three annuities until each child reaches the age of 25, with the following future periodic payments: (1) on 12/1/2016, $11,650.00 made payable to "Roman Boyd"; (2) on 4/24/2019, $13,410.00 made payable to "Darian Sanchez"; and (3) on 2/4/2020, $14,050.00 made payable to "Micah Sanchez." The

potential total payout of the structured settlement to the three children is approximately $39,110.00. All sums set forth constitute damages on account of personal injuries and sickness within the meaning of § 104(a)(2) of the Internal Code of 1986, as amended.

5. The specific terms of Plaintiff's settlement with Defendant Board include an immediate payout of $1,000.00 for each child, made payable to Plaintiff Chavez, and the Board's agreement to forgive the costs of medical care provided to Ms. Boyd in the amount of approximately $11,000.00. The monies being paid out immediately are for the purpose and benefit of the three children. Based on Defendant Board's agreement to waive the costs of Ms. Boyd's medical bills, Plaintiff will sign a form of indemnification.

6. Counsel for Plaintiff stated at both hearings that they had explained to Plaintiff Chavez that these settlement funds are for the purpose and benefit of the three minor children, in accordance with Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *reversed on other grounds by*, 120 N.M. 768, 907 P.2d 172 (1995).

7. At the hearings[3], Ms. Chavez testified that she understood she had no obligation to settle her claims against Defendants and that she could elect to proceed to trial against either or both Defendants. Ms. Chavez also testified that she understood if the claims against either or both Defendants proceeded to trial, a jury could find in excess of the settlement amount to which she had agreed.

8. Ms. Chavez testified that she was not under the influence of any medications or substances that impaired her ability to understand and that she had had ample opportunity to confer

---

[3] At the March 7, 2003 hearing, Ms. Chavez testified that her prior testimony at the February 14, 2003 hearing was accurate.

with her attorneys regarding these settlements. She stated that she believed the settlements were fair. Thus, the settlements are not products of force, coercion or undue influence.

9. Ms. Chavez also testified that if she agreed to these settlements, the terms of the settlements were final as to the claims raised in this lawsuit against all Defendants, and that there would be no opportunity to reopen this litigation to seek more money, or to file new claims against Defendants.

10. In addition, Ms. Chavez testified that she understood the settlement monies designated for the three minor children were intended for their use and benefit, including but not limited to the monies to be paid out immediately by Defendant Board.

## Conclusions of Law

After consideration of the evidence and the presentations of counsel, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and subject matter, and further concludes that this settlement is in the best interests of the three minor children. Therefore, the Court recommends that the settlement be approved as to Ms. Chavez's claims against Defendant City of Albuquerque, et al., and Defendant Board, et al., and that this case be dismissed as asserted against all Defendants, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge